TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00771-CR






Philip Byrd, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. D-1-DC-10-202201, THE HONORABLE WILFORD FLOWERS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Philip Byrd was convicted by a jury of theft, enhanced by two prior theft
convictions. See Tex. Penal Code § 31.03(a), (e)(4)(d) (West 2011). The trial judge assessed Byrd's
punishment at fifteen months' confinement in a state jail facility. (1)

 Byrd's court-appointed attorney has filed a motion to withdraw supported by a brief
concluding that the appeal is frivolous and without merit. The brief meets the requirements of
Anders v. California, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced. See also Penson v. Ohio,
488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).

 Byrd received a copy of counsel's brief and was advised of his right to examine the
appellate record and to file a pro se brief. See Anders, 386 U.S. at 744. No pro se brief or written
response has been filed.

 We have reviewed the record, including appellate counsel's brief, and find no
reversible error. See Garner v. State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal is
frivolous. Counsel's motion to withdraw is granted. The judgment of conviction is affirmed.


 __________________________________________

 Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed: November 8, 2011

Do Not Publish
1. Byrd did not elect prior to trial for the jury to sentence him. See Tex. Code Crim Proc.
Ann. art. 27.02(7), art. 37.07, § 2(b) (West 2006).